1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
4
   DONIGER / BURROUGHS
5  603 Rose Avenue
6  Venice, California 90291
7  Telephone: (310) 590-1820
   Attorneys for Plaintiff
8

## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 DERMOND PETERSON DESIGN, LLC, a Wisconsin Limited Liability Company, | Case No.: CV14-6300-MWF-VBK |
| 12 | *Hon. Michael W. Fitzgerald Presiding* |
| 13 Plaintiff, | *Referred to Honorable Victor B. Kenton* |
| 14 | |
| vs. | **DISCOVERY MATTER** |
| 15 | |
| 16 JLA HOME, INC., a California | **JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES OF DEFENDANT JLA HOME, INC.; PLAINTIFF'S REQUEST FOR SANCTIONS** |
| 17 Corporation; *et al.* | |
| 18 | |
| 19 Defendants. | |
| 20 | *[Declaration of Trevor W. Barrett filed concurrently herewith]* |
| 21 | |
| 22 | Discovery Cut-Off: July 6, 2015 |
| 23 | Trial Date: October 6, 2015 |
| 24 | Pretrial Conference: September 14, 2015 |
| 25 | Hearing Date: May 26, 2015 |
| 26 | Time: 10:00 a.m. |
| 27 | Courtroom: 590 – Roybal |
| 28 | |

1

# **TABLE OF CONTENTS**

I.      PLAINTIFF'S INTRODUCTORY STATEMENT……………………………3

II.     DEFENDANT'S INTRODUCTORY STATEMENT…………………………7

III.    PLAINTIFF'S INTERROGATORIES…………………………………………

        DEFENDANTS POSITION…………………………………………………...

IV.     CONCLUSION………………………………………………………………23

A.      Plaintiff's Conclusion………………………………………………...23

B.      Defendant's Conclusion……………………………………………….24

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

## I.  PLAINTIFF'S INTRODUCTORY STATEMENT

This discovery dispute arises in the context of a copyright infringement case. Plaintiff Dermond Peterson Design, LLC, ("Dermond") has alleged that Defendant JLA Home, Inc. ("JLA"), has infringed Plaintiff's proprietary textile designs by having manufactured, importing, and distributing pillows bearing  knock-offs of Plaintiff's designs, to retail stores throughout the United States, including to various co-defendants, where they were sold the public.

Plaintiff served its interrogatories and requests for the production of documents on the defendants over four months ago, on December 9, 2014. Barrett Decl., ¶ 2, Ex. 1. The defendants responded to these requests, but such responses were incomplete and based on groundless objections. Id. Dermond sent its first meet and confer letter on February 12, 2015. Barrett Decl., ¶ 3, Ex. 2. The defendants responded to Dermond's first meet and confer letter on February 25, 2015, continuing several of its objections, withdrawing some objections and stating that it would provide supplemental responses.  Barrett Decl., ¶ 4, Ex. 3.  In an attempt to move discovery along in good faith, the parties agreed to hold a telephonic conference on March 3, 2015. Id. Dermond met and conferred with the defendants soon thereafter, and counsel for the defendants stated it would supply complete supplemental responses and a document production. Id. It did not. Id. On March 19, 2015, Counsel for the defendants requested a two week extension of time to provide supplemental responses, and counsel for Dermond agreed to this extension, but warned that it would be unable to agree to any additional extensions, as the discovery period was scheduled to close on June 1, 2015.  Barrett Decl., ¶ 5. Counsel for the defendants assured counsel for Dermond that it would provide supplemental responses by April 3, 2015.  Id. On April 6, 2015, three days after the granted extension deadline, counsel for the defendants informed counsel for Dermond that they would require extra time to provide supplemental responses, until April 17, 2015.  Barrett Decl., ¶ 6.

Counsel for Dermond agreed to allow until April 15, 2015 to provide the responses. Id. Counsel for the defendants did not respond.  On April 21, 2015, counsel for Dermond contacted counsel for the defendants, requesting that counsel stipulate to an extension of discovery, until July 6, 2015.  Barrett Decl., ¶ 7.  On April 21, 2015, counsel for Dermond filed the stipulated Proposed Order to extend discovery deadlines.  Id., Ex. 4. The defendants have not provided supplemental responses or documents of any kind to date.

The responses that the defendants served were deficient and riddled with meritless objections.  These included various boilerplate objections, including many improper elections pursuant to Fed.R.Civ.P. 33(d) in their responses to Dermond's interrogatories and refusal to produce insurance documents to which Dermond is entitled pursuant to Fed.R.Civ.P. 26(a).

To date, the defendants have refused to provide basic responses including its total revenues from the sales of infringing goods, how and from whom it obtained the infringing goods, all style or SKU numbers of the goods, how many items were sold, when the items were sold, and to whom they were sold. Barrett Decl., ¶ 8.  Many of Defendant's objections as to these requests are based on the ground that the request is premature; however, Dermond notes that discovery will close soon, and accordingly, the requests are ripe for responses.  Moreover, JLA has provided responses to Dermond's discovery requests which are inconsistent, some of which admit to the existence of certain documents while others deny the existence of the same documents. Further still, the defendants have failed to produce a single document in this case.

It has been over four months since Dermond served its discovery requests and over two months since the parties first met and conferred over the deficiencies in the responses yet it still has not provided substantive answers. It is clearly delaying for the sole purpose of frustrating Dermond and increasing its costs of litigation. JLA

should be compelled to provide complete substantive responses and should be sanctioned for forcing Dermond to bring this motion. Below is a summary of the very basic information and documents sought to be compelled.

Supplemental Interrogatory Responses:

1. Dates of the defendants' purchase of the infringing goods;

2. Cost of the defendants' purchase of the infringing goods;

3. Number of infringing goods purchased;

4. Identity of the manufacturer(s) of the infringing goods;

5. The specifications provided from JLA to its manufacturer regarding the samples of the infringing goods;

6. Identity of agreements purporting to grant the defendants with rights to produce the infringing goods;

7. Dates of the defendants' sale of the infringing goods;

8. Number of infringing goods sold;

9. Identification of all customers for the infringing goods;

10. Identification of time period for the retail sale of the infringing goods;

11. Identification of first and last retail sale date of the infringing goods;

12. The retail price for the infringing goods;

13. All style or SKU numbers assigned to all infringing goods.

14. Total revenues derived from the sale of the infringing goods;

15. Gross profits (total revenues less cost of goods) derived from the sale of the infringing goods;

16. Total costs related to the retail sale of the infringing goods; and

17. Identification of past infringement claims brought against the defendants.

Supplemental Document Production:

1. Samples of the infringing goods;

2. Documents showing the defendants' purchase (and/or receipt) of the infringing goods and subsequent sale (and/or distribution) of the infringing goods;

3. Documents evidencing the defendants' creation of the designs incorporated into the infringing goods;

4. Documents evidencing the defendants' costs and expenses related to the infringing goods;

5. Documents related to returns of the infringing goods to the defendants;

6. Communications between the defendants and their vendors related to the infringing goods;

7. Financial records related to the sale of, and profits from, the infringing goods;

8. Advertising, marketing and promotional materials for the infringing goods;

9. Documents evidencing units of the infringing goods sold and remaining in inventory;

10. Shipping and importation documents for the infringing goods; and

11. Clear images of all infringing goods sold within the last five (5) years.

This is common information kept in the ordinary course of the defendants' business (or should be), is directly relevant to this copyright dispute, and should be provided in verified discovery responses and documents as requested months ago.

Finally, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if [inter alia] a party fails to answer an interrogatory submitted under Rule 33; or a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Defendant has failed to provide responses to simple and pertinent interrogatories and should be compelled to provide full and substantive responses and to pay Dermond's reasonable attorneys' fees incurred in bringing this motion.

## II.   **DEFENDANT'S INTRODUCTORY STATEMENT**

Plaintiff Dermond Peterson Design, LLC's ("Plaintiff" or "Dermond") motion to compel discovery responses from Defendant E&E Co. Ltd., ("Defendant" or "E & E")(erroneously sued as and referred to in Plaintiff's portion of this Stipulation as JLA Home, Inc.) is impermissibly premature and improper.  In direct violation of the Local Rules, Plaintiff's counsel failed and refused to conduct an in-person conference of counsel regarding the subject discovery disputes.  Local Rule 37-1 specifically provides that counsel for the parties must confer "in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the discovery disputes as possible."  L.R. 37-1.  This rule also specifically provides that "[i]t shall be the responsibility of counsel for the moving party to arrange for this conference," and the "conference shall take place *in person* at the office of the moving party's counsel, unless the parties agree to meet someplace else."  *Id*. (emphasis added).  In contravention of the foregoing requirements, Plaintiff's counsel never arranged for an in-person conference regarding this Motion to Compel, despite Defendant's counsel's requests and willingness to confer in order to resolve the issues regarding the underlying discovery disputes.  (Declaration of Robert Tauler ("Tauler Decl."), ¶ 2.)  In fact, counsel pointed out the need for such a meeting multiple times but was ignored by Plaintiff's counsel, including an April 9 email and a letter dated May 7, 2015.  Tauler Decl., ¶¶ 2- 4.  For this reason alone, Plaintiff's Motion to Compel should be denied outright.

With good reason, Local Rule 37–4 provides that the failure by counsel to comply with or cooperate in the procedures required by Local Rule 37 for presenting discovery disputes to the court, "may result in the imposition of sanctions."  L.R. 37–4.  Indeed, courts have routinely held that sanctions are warranted and necessary for counsel's failure to meet and confer as required under the Local Rules.  *See Shaw v. Tujunga Restaurants, Inc*., No. CV 12-2193-SVW SPX, 2012 WL 5974184, at *4

(C.D. Cal. Nov. 6, 2012) (concluding that sanctions were "plainly warranted and required by Rule 37(a)(5) and Local Rule 37-4"); *Shaw v. Tujunga Restaurants, Inc.*, No. CV 12-2193-SVW SPX, 2012 WL 11781626, at *2 (C.D. Cal. Dec. 18, 2012) (ordering defendant and its counsel to pay sanctions to plaintiff pursuant to Fed. R. Civ. P. 37(a)(5) and Local Rule 37-4 in the total amount of $17,585.49); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284-85 (C.D. Cal. 1996) (holding that failure of counsel to meet and confer as required by Local Rule warranted sanctions against counsel).  Similarly, in the instant case, sanctions are warranted in light of Plaintiff's counsel's failure to meet and confer as proscribed by the Local Rules.  *See id*.

Federal Rule of Civil Procedure 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion to compel, including attorney's fees.  However, "the court must not order this payment if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(5).  To the extent Plaintiff prevails on any portion of its Motion to Compel (which should be denied in its entirety for all the reasons demonstrated below), Plaintiff should not be awarded any expenses, including attorneys' fees, incurred in connection with bringing its Motion to Compel because Plaintiff's counsel failed to make a good faith effort to resolve the disputes at issue here and never arranged for the required in-person conference, despite defense counsel's requests and willingness to do so.  (Tauler Decl., ¶¶ 2-3.)

In addition to the procedural flaws set forth above, Plaintiff's Motion to Compel is improper because Defendants have already agreed to provide supplemental responses and to produce documents in response to many of the subject discovery requests.[1]  Notably, providing complete responses to the discovery requests at issue is a massive task.  Although the Motion to Compel is specifically directed toward E &

---

[1]  Plaintiff's discovery motion is directed only to the responses of Defendant E & E Co., Ltd, (erroneously named by its dba "JLA Home, Inc.") ("E & E")

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

E, E & E has agreed to indemnify 7 other retailers and is preparing their responses as well.  The discovery requests at issue included 30 Requests for Admission, 22 Special Interrogatories, and 56 Requests for Production.  Thus, E & E is providing supplemental responses and producing documents in response to a total of 864 discovery requests.  Given the recent extension of the discovery cut-off, Plaintiff's Motion to Compel is premature and should be denied for this additional reason.

In addition, Plaintiff's Motion to Compel is meritless because E & E has properly responded or provided supplemental responses to many of the discovery requests that are the subject of this Motion to Compel.  For example, in response to the majority of the interrogatories at issue here, Defendant has properly answered by electing to specify records to be reviewed pursuant to Federal Rule of Civil Procedure 33(d); *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-CV-01378-WBS-AC, 2014 WL 4661979, at *10 (E.D. Cal. Sept. 17, 2014) (denying motion to compel responses to interrogatories because party had properly specified responsive documents pursuant to Rule 33(d)); *see also Fang-Yuh Hsieh v. Stanford Univ.*, No. C10-05629 HRL, 2011 WL 2682891, at *3 (N.D. Cal. July 11, 2011) (same).  Plaintiff claims that this election lacks specificity, however, Defendant is prepared to produce the documents in question, and has sent a draft protective order to Plaintiff.  The parties are currently finalizing a mutually acceptable version of a protective order.

For the reasons demonstrated above, as well as those set forth below, Plaintiff respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.  In addition, Defendant respectfully requests that the Court impose sanctions against Plaintiff's counsel.

9

## III.    PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 4:

Describe YOUR purchase of any and all SUBJECT PRODUCT, indicating the dates on which YOU purchased SUBJECT PRODUCT, how much YOU paid for SUBJECT PRODUCT, how many units or yards of SUBJECT PRODUCT YOU purchased, and IDENTIFY the PERSON(s) that provided SUBJECT PRODUCT to YOU.

### RESPONSE TO INTERROGATORY NO.4:[2]

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed.R.Civ.P. 33(d), Defendant elects to specify records to be reviewed.[3]

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.4:

---

[2] JLA's interrogatory responses were copied into this stipulation. The responses of every defendant were nearly identical. Any pertinent variance is noted herein.

[3] Rather than resort to Fed.R.Civ.P. 33(d), defendant Overstock.com, Inc. followed its boilerplate objections in its response to this request by stating: "Defendants did not purchase."

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed, including purchase orders of the SUBJECT PRODUCT marked by Bates numbers EE00002 – 38.

**PLAINTIFF'S POSITION:**

All of the objections are meritless and inapplicable. For example, information regarding the nature of the defendants' purchase of the infringing goods cannot be considered to be protected by the attorney-client privilege or to be attorney work product.  JLAThe defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.")[4]

---

[4] See also *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2008 WL 2783206, *1 (N.D. Cal. 2008) (court condemned practice of "boilerplate objections").  A party objecting to a discovery request must "particularize" its basis for each objection.  *See Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (holding that defendants did not meet their burden under Fed. R. Civ. P. 33(a) of making a specific showing of reasons why documents should not be produced where they merely made conclusory objections); *Pulsecard, Inc. v. Discover Card Servs.*,

Next, the defendants' reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents to be produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from each defendant's records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306. In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action. Thus, the objections must be disregarded, and complete and full responses should be compelled.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has properly answered this interrogatory by electing to specify

---

168 F.R.D. 295, 303 (D. Kan. 1996) (general objections do not satisfy specificity requirement of Fed. R. Civ. P. 33).

records to be reviewed pursuant to Federal Rule of Civil Procedure 33(d). As a matter of well-established law, "[a] party may answer an interrogatory by specifying records from which the answer may be obtained and by making the records available for inspection." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-CV-01378-WBS-AC, 2014 WL 4661979, at *10 (E.D. Cal. Sept. 17, 2014) (denying motion to compel responses to interrogatories because party had properly listed responsive documents pursuant to Rule 33(d)); *see also Fang-Yuh Hsieh v. Stanford Univ.*, No. C10-05629 HRL, 2011 WL 2682891, at *3 (N.D. Cal. July 11, 2011) (denying motion to compel further responses to interrogatories because party had properly specified documents under Rule 33(d)). Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version. Thus, Defendant's supplemental response is proper pursuant to Rule 33(d), and records from which the answer to this interrogatory may be obtained will be made available for inspection.

**INTERROGATORY NO. 5:**

Describe in detail the instances in which YOU approved samples of SUBJECT PRODUCT, including without limitation, the date on which YOU received the samples, YOUR feedback in regard to same, the response to YOUR feedback, and the revisions that were made to SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein. Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment. Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court. Defendant further objects

to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:

For the Beach pillow, February and March 2011.

For the Haven pillow, July 2013.[5][6]

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:

Defendant created prototype sample of Beach pillow internally during February 2011 and provided it to factory for replication. Factory returned replication

---

[5] Instead of providing any substantive answer to this request after the boilerplate objections, defendants Amazon, Inc., Bon-Ton Stores, Inc., Bed Bath & Beyond, Inc., Belk, Inc., HSN, Inc., and Wayfair, LLC each stated: "Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed."

[6] Rather than resort to Fed.R.Civ.P. 33(d), defendant Overstock.com, Inc. followed its boilerplate objections in its response to this request by stating: "No physical samples were received."

sample during February 2011 and in March 2011 Project Manager, Salinna (Wuxia), orally approved  the last replication sample for production.

Defendant created prototype sample of Haven pillow internally during July 2013 and provided it to factory for replication sample in July 2013.  Factory returned replication sample to Project Manager, Salinna, who then orally approved the factory's replication sample for production in August 2013.

**PLAINTIFF'S  POSITION:**

Dermond requested this interrogatory to be answered fully and completely. Dermond sent a meet and confer letter regarding this interrogatory amongst others, and the defendants failed to ever respond or supplement. Moreover, all of the defendants' objections are meritless and inapplicable.   For example, information regarding the nature of JLA's approval of samples of the infringing goods, cannot be considered to be subject to the attorney-client privilege or considered attorney work product.  JLA its codefendants simply restate the same boilerplate objections throughout its responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.") Thus, the objections must be disregarded, and complete and full responses should be compelled.

Next, the defendants' (all except JLA and Overstock.com) reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendant's records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306. In addition, the records must be offered "in a manner that permits the same direct and

economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action. Thus, the objections must be disregarded, and complete responses should be compelled.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has provided a full and complete response to this interrogatory.  Although Plaintiff contends that Defendant's reliance on Rule 33(d) is "misplaced," Defendant does not rely on Rule 33(d) in response to this interrogatory. Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version. Thus, Plaintiff's position with respect to this interrogatory is incomprehensible.

**INTERROGATORY NO. 8:**

Detail YOUR sale(s) of SUBJECT PRODUCT, indicating the dates on which YOU sold SUBJECT PRODUCT, the amount of SUBJECT PRODUCT YOU sold, and IDENTIFY all PERSON(s) to which YOU sold SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed.R.Civ.P. 33(d), Defendant elects to specify records to be reviewed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed. R. Civ. P.

33(d), Defendant elects to specify records to be reviewed, including purchase orders in documents Bates-numbered EE00039 – EE01059.

**PLAINTIFF'S POSITION:**

All of the objections are meritless and inapplicable.   For example, information regarding the nature of the defendants' sale of the infringing goods cannot be considered to be subject to the attorney-client privilege or considered attorney work product.  The defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.")

Next, the defendants' (all except Overstock.com) reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendants' records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306. In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action. Thus, the objections must be disregarded, and complete responses should be compelled.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has properly answered this interrogatory by electing to specify records to be reviewed pursuant to Federal Rule of Civil Procedure 33(d). As a matter of well-established law, "[a] party may answer an interrogatory by specifying records from which the answer may be obtained and by making the records available for inspection." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-CV-01378-WBS-AC, 2014 WL 4661979, at *10 (E.D. Cal. Sept. 17, 2014) (denying motion to compel responses to interrogatories because party had properly listed responsive documents pursuant to Rule 33(d)); *see also Fang-Yuh Hsieh v. Stanford Univ.*, No. C10-05629 HRL, 2011 WL 2682891, at *3 (N.D. Cal. July 11, 2011) (denying motion to compel further responses to interrogatories because party had properly specified documents under Rule 33(d)). Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version. Thus, Defendant's supplemental response is proper pursuant to Rule 33(d), and records from which the answer to this interrogatory may be obtained will be made available for inspection.

**INTERROGATORY NO. 11:**

Provide all SKU numbers and style numbers that YOU used to identify SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the undefined term "identify."  Defendant further objects to this interrogatory on the ground that it is compound, unduly burdensome, overbroad and propounded for purposes of harassment. Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed.R.Civ.P. 33(d), Defendant elects to specify records to be reviewed.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the undefined term "identify."  Defendant further objects to this interrogatory on the ground that it is compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:

HH30-707, HH30-707A, HH30-113.

**PLAINTIFF'S POSITION:**

All of the objections are meritless and inapplicable; for example, the SKU and style numbers for the infringing goods cannot be considered to be subject to the attorney-client privilege or considered attorney work product. Additionally, defendants' objection to the term "identify" is meritless -it is quite clear from the context of the interrogatory that Dermond is requesting the defendants to provide the SKU and style numbers for the infringing goods. The defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.")  Thus, the objections must be disregarded, and complete responses should be compelled.

Next, the defendants' reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendants' records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306.  In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on*

*interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has properly answered this interrogatory in its amended response.

**INTERROGATORY NO. 12:**

State the period of time in which YOU were selling SUBJECT PRODUCT, including without limitation, the date on which YOU first made a sale of SUBJECT PRODUCT, and the date on which YOU made YOUR last sale of SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein. Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment. Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court. Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-

client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:

First sale of Beach pillow was early March 2011.

First sale of Haven pillow was late June 2013. [7]

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:

First sale of Beach pillow was 1/4/12.  First sale of Haven pillow was 4/7/14.  Last sale of Beach pillow was 9/9/14. Last sale of Haven pillow was 8/19/14.

**PLAINTIFF'S POSITION:**

Dermond requested this interrogatory to be answered fully and completely.  Dermond sent a meet and confer letter regarding this interrogatory amongst others, and the defendants failed to ever respond or supplement. Moreover, all of the defendants'

---

[7] Instead of providing any substantive answer to this request after the boilerplate objections, all defendants except for JLA stated: "Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed."

objections are meritless and inapplicable.   For example, information regarding the nature of the defendants' sale of the infringing goods cannot be considered to be subject to the attorney-client privilege or considered attorney work product.  The defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.") Thus, the objections must be disregarded, and complete and full responses should be compelled.

Next, the defendants' (all except JLA) reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendant's records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306.  In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id*. Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action. Thus, the objections must be disregarded, and complete responses should be compelled.

**DEFENDANT'S POSITION**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has provided a full and complete response to this interrogatory.  Although Plaintiff contends that Defendant's reliance on Rule 33(d) is "misplaced," Defendant does not rely on Rule 33(d) in response to this interrogatory. Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version. Thus, Plaintiff's position with respect to this interrogatory is incomprehensible.

**INTERROGATORY NO. 13:**

State each and every price point at which YOU sold SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed, including purchase orders in documents Bates-numbered EE00039 – EE01059.

**PLAINTIFF'S POSITION:**

All of the objections are meritless and inapplicable; for example, the prices that the infringing goods were sold at cannot be considered to be subject to the attorney-client privilege or considered attorney work product.  The defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.")  Thus, the objections must be disregarded, and complete responses should be compelled.

Next, the defendants' reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents to be produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendants' records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306.  In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has properly answered this interrogatory by electing to specify records to be reviewed pursuant to Federal Rule of Civil Procedure 33(d).  As a matter of well-established law, "[a] party may answer an interrogatory by specifying records from which the answer may be obtained and by making the records available for

inspection." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-CV-01378-WBS-AC, 2014 WL 4661979, at *10 (E.D. Cal. Sept. 17, 2014) (denying motion to compel responses to interrogatories because party had properly listed responsive documents pursuant to Rule 33(d)); *see also Fang-Yuh Hsieh v. Stanford Univ.*, No. C10-05629 HRL, 2011 WL 2682891, at *3 (N.D. Cal. July 11, 2011) (denying motion to compel further responses to interrogatories because party had properly specified documents under Rule 33(d)). Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version. Thus, Defendant's response is proper pursuant to Rule 33(d), and records from which the answer to this interrogatory may be obtained will be made available for inspection.

**INTERROGATORY NO. 14:**

Provide the total revenues derived by YOU from the sale of SUBJECT PRODUCT, indicating the amount paid by each customer for SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates each of the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this interrogatory on the ground that discovery has just begun in this action and the interrogatory is, therefore, premature.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant elects to specify records to be reviewed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this interrogatory on the ground that it is vague and ambiguous, compound, unduly burdensome, overbroad, and propounded for purposes of harassment.  Defendant further objects to this interrogatory on the ground that it is propounded for purposes of circumventing the limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure on the number of interrogatories a plaintiff may serve without leave of court.  Defendant further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the General Responses and Objections set forth above, Defendant answers this interrogatory as follows: Defendant will provide this information after the entry of an appropriate protective order.

**PLAINTIFF'S POSITION:**

All of the objections are meritless and inapplicable; for example, the revenues realized from the sale of the infringing goods cannot be considered to be subject to the attorney-client privilege or considered attorney work product.    The defendants simply restate the same boilerplate objections throughout their responses. Such objections are improper. *Taylor v. Los Angeles Police Dep't*, EDCV99-0383-RT(RCX), 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999)("general or boilerplate objections are improper.")  Thus, the objections must be disregarded, and complete responses should be compelled.

Next, the defendants' reliance on Fed. R. Civ. P. 33(d) to only cite a plethora of pages of documents produced is misplaced. Each interrogatory must be answered "separately and fully[.]" Fed. R. Civ. P. 33(b)(1)(B). If it is not feasible for Plaintiff to readily ascertain and derive answers to interrogatories from the defendants' records, then each defendant, as party most familiar with its records, must do research and cannot avail itself of Rule 33(d). *See Puerto Rico Aqueduct & Sewer Authority v Clow Corp* (1985, DC Puerto Rico) 108 FRD 304, 306.  In addition, the records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." *Id.*; Adv. Comm. Notes to 1980 Amendment to FRCP 33(d); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal. 2006). If compilations and summaries exist, these should be made available. *Id.* Moreover, the interrogated party is *not permitted to foist massive records on interrogator when deciphering is feasible only for one familiar with records*; Rule 33(d) is not available alternative if interrogatory can be responded to more readily and conveniently by written answer. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v Phillips Petroleum Co.* (1984, SD NY) 105 FRD 16, 44 (emphasis added).

Finally, the defendants' objection that the interrogatory is premature is wholly meritless; discovery is due to close in less than three months.

This information is indisputably in the possession and control of the defendants, can easily be searched and reported by the party most familiar with the relevant documents and systems, and is plainly relevant to this infringement action.

**DEFENDANT'S POSITION:**

Notwithstanding Defendant's general responses and specific objections to this interrogatory, Defendant has properly answered this interrogatory by electing to specify records to be reviewed pursuant to Federal Rule of Civil Procedure 33(d).  As a matter of well-established law, "[a] party may answer an interrogatory by specifying records from which the answer may be obtained and by making the records available for

30

inspection." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, No. 2:13-CV-01378-WBS-AC, 2014 WL 4661979, at *10 (E.D. Cal. Sept. 17, 2014) (denying motion to compel responses to interrogatories because party had properly listed responsive documents pursuant to Rule 33(d)); *see also Fang-Yuh Hsieh v. Stanford Univ.*, No. C10-05629 HRL, 2011 WL 2682891, at *3 (N.D. Cal. July 11, 2011) (denying motion to compel further responses to interrogatories because party had properly specified documents under Rule 33(d)).  Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version.  Thus, Defendant's response is proper pursuant to Rule 33(d), and records from which the answer to this interrogatory may be obtained will be made available for inspection.

## IV.   PLAINTIFF'S REQUESTS FOR PRODUCTION

Plaintiff notes that the defendants have failed to produce any documents in response to Plaintiff's Requests for Production of Documents, served on December 9, 2014.  While Plaintiff's Motion to Compel also addresses the more general issue of the defendants' complete failure to produce any documents, the issues with the below referenced responses to Plaintiff's Requests are discrete in that the defendants have refused to provide documentation based on groundless objections.

**REQUEST FOR PRODUCTION NO. 1:**

Exemplars of all versions of SUBJECT PRODUCT purchased, marketed or sold by YOU within the last five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1[8]:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant objects to this request on the ground that it is vague and ambiguous, particularly with respect to the undefined terms "exemplars"

---

[8] Each defendant provided identical responses to the pertinent requests for production.

31

and "versions."  Defendant further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant has conducted a diligent search and has not found any documents responsive to this request.

**PLAINTIFF'S POSITION:**

In its response, JLA asserts that it does not have any exemplars, or samples, of the infringing product in its possession.  However, in JLA's response to Interrogatory No. 20, JLA asserts that it has 90 infringing products in its inventory; these answers are inconsistent, and accordingly, JLA should be required to produce samples of the infringing goods to Plaintiff.

**DEFENDANT'S POSITION:**

Subject to and without waiving Defendant's objections to this request for production, Defendant has supplemented its response to this request and agreed to produce exemplars of each of the two pillows, subject to the entry of an appropriate protective order.  Moreover, Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version.  Thus, Plaintiff's position with respect to this request is moot.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTs which constitute, show, or reflect any and all communications between YOU and YOUR customers or potential customers with regard to SUBJECT PRODUCT or any and all SUBJECT DESIGNS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant objects to this request on the ground that it is vague and ambiguous.   Defendant further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

Defendant also objects that the request seeks confidential, proprietary and private information the disclosure of which would be detrimental to its competitive position, and would provide its competitors an unfair advantage, subject to entry of an appropriate protective order.

**PLAINTIFF'S POSITION:**

The defendants' objections are without merit; Request No. 33 is narrowly tailored, in that it requests any communications between the defendants and their customers regarding two products sold by the defendants.  Plaintiff simply seeks the defendants' customercommunications which refer to the infringing goods.  Accordingly, the defendants must be compelled to provide any relevant communications within their possession immediately.

**DEFENDANT'S POSITION**

Subject to and without waiving Defendant's objections to this request for production, Defendant has supplemented its response to this request and agreed to produce non-privileged, non-confidential communications responsive to this request in its possession, subject to the entry of an appropriate protective order. Defendant has sent a draft protective order to Defendant and the parties are working on reaching a mutually acceptable version.  Thus, Plaintiff's position with respect to this request is moot.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTs which constitute, show, or reflect any and all insurance policies which may provide YOU with coverage for the claims asserted against YOU in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant further objects to this request on the ground that it is unduly burdensome, overbroad, and propounded for purposes of harassment.

Defendant also objects that the request seeks confidential, proprietary and private information.

Defendant further objects to this request to the extent that it seeks production of documents within the attorney-client privilege or the attorney work product doctrine.

**PLAINTIFF'S POSITION:**

The defendants' objections to Request No. 45 are boilerplate and utterly meritless; Plaintiff is entitled to review the defendants' insurance policies and riders applicable in this lawsuit, pursuant to Fed.R.Civ.P. 26(a)(1)(iv) and is entitled to such documentation without even having to make a discovery request therefor. ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:…(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.") Accordingly, the defendants must be compelled to provide Plaintiff with any applicable insurance policies and riders covering the defendants or potentially covering the defendants in relation to this lawsuit.

**DEFENDANT'S POSITION**

Subject to and without waiving Defendant's objections to this request for production, Defendant has supplemented its response to this request, which provides that Defendant has conducted a diligent search and has not found any documents responsive to this request.  Thus, Plaintiff's position with respect to this request is moot.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTs which constitute, show, or reflect any and all allegations of copyright infringement against YOU, including without limitation cease and desist letters, and civil court or other complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant incorporates by reference the General Responses and Objections as if they were set forth fully herein.  Defendant objects to this request on the ground that it seeks production of documents which are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence, since the request is not limited to the subject product and/or designs.  Defendant further objects to this request on the ground that it is vague and ambiguous, unduly burdensome, overbroad, and propounded for purposes of harassment.

Defendant further objects to this request to the extent that it seeks production of documents within the attorney-client privilege or the attorney work product doctrine.

**PLAINTIFF'S POSITION:**

The defendants' objections to Request No. 46 are meritless.  First, the defendants' objection on the ground that the documents sought are irrelevant and inadmissible ignore caselaw stating that statutory damages for copyright infringement may be increased to deter future infringement (based on a showing that a defendant has a continuous pattern of infringement).  A defendant's past activities of infringing conduct, if any, can be used by a plaintiff as a factor to show willful infringement under 17 U.S.C. § 504(c), and a "reckless disregard" of the subject copyrights.  See, e.g., F.*W. Woolworth Co. v. Contemporary Arts, Inc*., 344 U.S. 228 (1952); Phillip Morris USA, Inc. v. Shalabi, 352 F.Supp.2d 1067 (C.D.Cal 2004); *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336-37 (9th Cir.1990).  A very brief Pacer search demonstrates that JLA Home, Inc. and its subsidiary companies have been sued for intellectual property infringement at least several times; Plaintiff considers this pattern of infringement to be extremely relevant to the issue of statutory damages, enhanced damages and an award of attorneys' fees in this case.  Accordingly, the defendants should be compelled to produce any non-privileged

relevant documents related to their past patterns of copyright and/or intellectual property infringement.

**DEFENDANT'S POSITION**

Plaintiff's Request for Production No. 46 improperly seeks all documents concerning any and all allegations of copyright infringement against Defendant, without any limitation as to subject matter and/or time.  As demonstrated below, this document request is objectionable for numerous reasons.

First, the request improperly seeks the production of privileged information and/or information protected by the work product doctrine.  For example and without limitation, the request seeks the production of documents that would reveal counsel's opinions and legal strategies with respect to other allegations of copyright infringement, as well as confidential communications requesting or receiving legal advice in connection with those allegations.  Such information is privileged and protected by the attorney work product privilege.  *See Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049 DOC RNBX, 2010 WL 3705907, at *6 (C.D. Cal. Sept. 20, 2010) (denying motion to compel because request would "reveal [the attorney's] mental impressions, opinions, conclusions, and legal strategies formed in anticipation of specific litigation"); *see also Ellis v. J.P. Morgan Chase & Co.*, No. 12CV03897YGRJCS, 2014 WL 1510884, at *7 (N.D. Cal. Apr. 1, 2014) (denying motion to compel because the requested document is irrelevant, and because it is protected by the attorney work product privilege); *Neathery v. Chevron Texaco Corp. Grp. Acc. Policy No. OK826458*, No. 05CV1883-JM CAB, 2006 WL 4690828, at *3 (S.D. Cal. July 11, 2006) (denying motion to compel documents; finding that documents were confidential communications requesting or receiving legal advice made after the litigation was filed and are privileged).

Second, the request is impermissibly overbroad, unduly burdensome, and not sufficiently limited to the subject matter of this copyright infringement lawsuit.  *See*

*Deckers Outdoor Corp. v. Wal-Mart Stores, Inc*., No. 2:14-CV-02577-ODW, 2014 WL 7185357, at *1 (C.D. Cal. Dec. 15, 2014) (denying motion to compel because general document requests were "overly broad and unduly burdensome," and not limited to subject matter of litigation).

Third, the request is objectionable because it seeks the production of documents that are neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence.  Plaintiff's contention that "[a] defendant's past activities of infringing conduct, if any, can be used by a plaintiff as a factor to show willful infringement" fails to support its position with respect to this request.  None of the cases relied upon by Plaintiff support this proposition.  Accordingly, this request improperly seeks documents that are irrelevant and inadmissible, as they are unrelated to the subject matter of this copyright infringement case.

## IV.    CONCLUSION

### A.    Plaintiff's Conclusion

This Court should issue an order:

1.    Compelling the defendants to fully answer the interrogatories with verifications and to provide these responses within ten (10) days.

2.    Compelling the defendants to produce all requested documents, within ten (10) days.

3.    Ordering the defendants to pay Plaintiff its costs and fees in bringing this motion, as set forth in the Declaration of Trevor W. Barrett and any supplemental declaration filed in connection with this motion.

4.    Assessing sanctions against the defendants, pursuant to Local Rules 37-4 and F.R.Civ.P. 37.

5.      Setting such other relief as this Court deems just and proper in accordance with the Federal Rules of Civil Procedure and equity.

**B.      Defendant's Conclusion**

Defendants respectfully requests that this Court issue an order as follows:

1.      Denying Plaintiff's Motion to Compel in its entirety;

2.      Imposing sanctions against Plaintiff's counsel, pursuant to Local Rule 37-4 and Federal Rule of Civil Procedure 37(a)(5);

3.      Ordering Plaintiff to pay Defendant its costs and fees associated with opposing this Motion to Compel, as set forth in the accompanying Declaration of Robert Tauler;

4.      Any other relief as this Court deems just and proper.

Dated: May 12, 2015                    By:    /s/ Trevor W. Barrett
                                               Scott A. Burroughs, Esq.
                                               Trevor W. Barrett, Esq.
                                               DONIGER / BURROUGHS
                                               Attorneys for Plaintiff