DOUGLAS LIPSTONE (SBN 141104)
doug@weinberg-gonser.com
ROBERT TAULER (SBN 241964)
rob@weinberg-gonser.com
WEINBERG GONSER LLP
10866 WILSHIRE BLVD., SUITE 1650
LOS ANGELES, CA 90024
Telephone: (424) 239-2862

Attorneys for Defendants E&E Co. Ltd (erroneously sued as "JLA Home, Inc.");
Bed, Bath & Beyond, Inc.; Belk, Inc.; Amazon, Inc.; Overstock.com, Inc.; HSN,
Inc.; Wayfair, LLC; the Bon-Ton Stores, Inc.; Yankee Retail Company, LLC, &
Designer Living, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DERMOND PETERSON DESIGN, LLC, a Wisconsin Limited Liability Company,<br><br>        Plaintiff,<br><br>        v.<br><br>JLA HOME, INC., a California Corporation, SEARS ROEBUCK & CO., an Illinois Corporation, BED BATH & BEYOND, INC., a New Jersey Corporation, BELK, INC., a North Carolina Corporation, THE BON-TON STORES, INC., a Pennsylvania Corporation, AMAZON, INC., a Delaware Corporation, OVERSTOCK.COM, INC., a Utah Corporation, HSN, INC., a Delaware Corporation, DESIGNER LIVING, INC., a California Corporation, THE YANKEE RETAIL COMPANY, LLC, a Connecticut Limited Liability Company, and DOES 1-5,<br><br>        Defendants. | Case No. 2:14-CV-06300<br>*Referred to Honorable Victor B. Kenton*<br><br>[DISCOVERY MATTER]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date:<br>Time:<br>Dept.: |

**GOOD CAUSE STATEMENT**

It is the intent of the parties and the Court that information will not be designated as confidential in this case for tactical reasons, and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include, without limitation:

(a)  Information that is the subject of a contractual non-disclosure or confidentiality agreement or obligation, and/or Protective Order issued in another case;

(b)  The names, or other information tending to reveal the identity of a party's supplier, distributor, or designer;

(c)  Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)  Research and development information;

(e)  Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f)  Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g)  Information related to internal operations including personnel information;

2.

(h)     Information related to past, current and future product development;

(i)     Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)     Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information could, in the producing party's opinion, result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party.  Additionally, legitimate privacy interests must be safeguarded.

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers or suppliers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

3.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.     Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.  To the extent a party inadvertently or mistakenly fails to identify any testimony as Confidential during the deposition, conference, hearing or trial, it may do so within 30 days after receipt of the transcript of the deposition, conference, hearing or trial, by providing written notice of such designation to the parties and any other affected person.

4.     Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

Stipulated Protective Order

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)   an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action –

(a)   experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(b)   court reporters employed in this action;

(c)   a witness at any deposition or other proceeding in this action; and

(d)   any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel disclosing the Confidential Material and provided to counsel for other parties upon request.

6.   Depositions involving the use of or seeking Confidential Material shall be taken only in the presence of qualified persons.

7.   The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), by applying that legend in the manner described in paragraphs 2 and 3 above as to the application of the "CONFIDENTIAL" legend.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by

5.

such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material lawfully obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.  A party that wishes to file with the Court Confidential Material that has been produced by another party to this action in support of any motion or for any other purpose shall comply with the requirements of L.R. 79-5.

10.  In the event that any Confidential Material is used in any court proceeding in this action other than trial, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.  The parties will meet-and-confer prior to trial to address the use of Confidential Material at trial.

11.  If any documents or information as to which a party maintains CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY protection should apply are inadvertently produced or disclosed without such "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" designation, the designating party may, as soon as practicable after discovering the issue, so advise all parties of the inadvertent disclosure and request that the information and documents be treated as CONFIDENTIAL or CONFIDENTIAL— ATTORNEY'S EYES ONLY to the extent possible after such notification, by producing again copies of the documents or information with the legend required by paragraphs 2 and 7 hereof.  In such event, the receiving party shall take reasonable

steps to retrieve the subject information and documents from any person to which it or they were disclosed, them to regard the information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, and not disclose it or them to any person to which it or they could not be disclosed if the designation had been correctly applied at the time of production.

12.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential and all copies of same, or shall certify the destruction thereof.

Stipulated Protective Order

15.     The parties agree that the plaintiff may be provided by its counsel a summary document, or oral summary, setting forth: (1) the full identities of the entities that sold the allegedly infringing products in the United States and (2) revenues, gross profits numbers, units produced, fabric yields, and fabrication compositions of the allegedly infringing products notwithstanding any party's designation of documents showing such information as CONFIDENTIAL—ATTORNEY'S EYES ONLY. The parties agree that the defendants may be provided by their counsel a summary document, or oral summary, setting forth: (1) the full identities of the entities that sold plaintiff's products in the United States, and (2) revenues, gross profits numbers, units produced, fabric yields, and fabrication compositions of plaintiff's products notwithstanding any party's designation of documents showing such information as CONFIDENTIAL—ATTORNEY'S EYES ONLY.  The foregoing is not intended to be an acknowledgment or admission by any party that any specific such information will be produced or is discoverable

16.   Manner of Designating Deposition Testimony.

16.1 Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

16.2 Where testimony is designated during the deposition, the designating party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Confidential Material.

Stipulated Protective Order

17.   Objections.

17.1 A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

17.2 The parties shall meet and confer in good faith prior to the filing of any motion under this section.

18.   The parties understand that this Protective Order does not extend to material presented at the trial of this Action.  Once the case proceeds to trial, any information that is presented on the record during trial, whether or not designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order, will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the presentation of that material at trial to proceed otherwise.  However, any documents or things that have been designated as confidential do not lose their protected character simply by virtue of having been presented as an exhibit at trial.  The parties will meet-and-confer prior to trial regarding the protection of Confidential Material a party proposes to use at trial.


SO STIPULATED.


DATED:  May 26, 2015                    Douglas Lipstone
                                        Robert Tauler
                                        WEINBERG GONSER LLP


                                        By  /s/ Robert Tauler
                                        Douglas Lipstone
                                        Attorneys for Defendants E & E CO.,
                                        LTD. (individuallay and as erroneously
                                        sued as "JLA HOME, INC."), BED
                                        BATH & BEYOND, INC., BELK,

9.

INC., THE BON-TON STORES, INC.,
AMAZON, INC.,
OVERSTOCK.COM, INC., HSN,
INC., DESIGNER LIVING, INC.,
THE YANKEE RETAIL COMPANY,
LLC

DATED:  May 26, 2015

Stephen M. Doniger
Scott A. Burroughs
Trevor W. Barrett
DONIGER/BURROUGHS

By  /s/ *Trevor W. Barrett*

Attorneys for Plaintiff

APPROVED AND SO ORDERED

DATED:  June 1, 2015

_____/s/_____
United States Magistrate Judge

10.

**Attachment A**

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully
familiar with the terms of the Stipulated Protective Order entered on
_____, in the United States District Court for the Central District of
California, Civil Action No. _____, and hereby agree to comply with and be
bound by the terms and conditions of said Order unless and until modified by further
Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes
of enforcing that Order and this agreement.

DATED:            __, 2015

_____

_____
Stipulated Protective Order